Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually, and doing business as "FIESTA FABRIC,"<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S, INC., a Delaware Corporation; KNITWORK PRODUCTION II LLC, a New York Limited Liability Company and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>Jury Trial Demanded |

Plaintiff, GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, individually, and doing business as "FIESTA FABRIC" (collectively

"FIESTA") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

FIESTA brings this suit to seek redress for infringement of FIESTA's rights in its original artwork. FIESTA is a fashion industry company that creates original and aesthetically-appealing fabric designs for use in the fashion industry. FIESTA's ability to exclusively offer these designs to its customers is crucial to FIESTA's success. Defendants have manufactured, or had manufactured, fabric and garments bearing an almost exact copy of one of FIESTA's proprietary designs, and have marketed and sold those products to others in the fashion market, and the public.

Defendants, and each of their, obvious, willful infringement of FIESTA's proprietary design has resulted in significant damage to the company, as alleged herein.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have placed products into the stream of commerce with the understanding that the products may or will be transacted in California; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff FIESTA is a corporation organized and existing under the laws of the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S, INC. ("MACY'S") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant KNITWORK PRODUCTION II LLC, individually and doing business as SAY WHAT (collectively "KNITWORK"), is a limited liability company organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product bearing Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the

wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN 1073

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled "1073" (the "Subject Design") that has been registered with the United States Copyright Office.

12. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that following its distribution of the Subject Design, KNITWORK, MACY'S, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to the Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to garments sold at MACY'S under SKU 674153503420. The Subject Product bore the "Say What ?" label, and

1  RN Number 94522, indicating that said garments were manufactured by, caused to
2  be manufactured by, or supplied by KNITWORK.
3     14. An image of the Subject Design and one non-exclusive exemplar of the
4  Subject Product are set forth hereinbelow. The below comparison makes clear that
5  the overall look and feel and constituent elements of the designs are substantially
6  similar.



| SUBJECT DESIGN | SUBJECT PRODUCT |
| --- | --- |
|  | Garment |
|  | Detail |

23     15. A comparison of the Subject Design and each non-exclusive exemplar of
24  Subject Product makes apparent that the elements, composition, colors, arrangement,
25  layout, and appearance of the designs are substantially similar.
26     16. Plaintiff is informed and believes and thereon alleges that Defendants, and
27  each of them, have committed copyright infringement with actual or constructive

knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

17. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to legitimately manufactured FIESTA product in the marketplace; (b) access to illegally distributed copies of the Subject Design or garments bearing same by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) through runway or other fashion shows; and (d) over the internet.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Plaintiff's rights in the Subject Design in that said garments were composed of fabric which featured an unauthorized textile design that was identical or substantially similar to the Subject Design.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing

directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores and on-line outlets.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of each of the Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, infringed the Subject Design with knowledge that the Subject Design was the copyrighted property of Plaintiff and/or with knowledge that their respective uses of the Subject Design was in violation of Plaintiff's copyright in the Subject Design, and/or in a reckless manner in such a way as to render Defendants, and each of them liable for willful infringement. Plaintiff is also informed and believes, and thereon alleges, that Defendants, and each of them, sold the Accused Product after receiving notice of the infringing nature of same, further militating in favor of a finding of willful infringement.

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, infringed the Subject Design with knowledge that the Subject Design

was the copyrighted property of Plaintiff and/or with knowledge that their respective uses of the Subject Design was in violation of Plaintiff's copyright in the Subject Design, and/or in a reckless manner in such a way as to render Defendants, and each of them liable for willful infringement. Plaintiff is also informed and believes, and thereon alleges, that Defendants, and each of them, sold the Accused Product after receiving notice of the infringing nature of same, further militating in favor of a finding of willful infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

31. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
    d. That Plaintiff be awarded pre-judgment interest as allowed by law;
    e. That Plaintiff be awarded the costs of this action;
    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: July 6, 2016            Respectfully submitted,

                     By: /s/ *Scott A. Burroughs*
                         Scott A. Burroughs, Esq.
                         Trevor W. Barrett, Esq.
                         Justin M. Gomes, Esq.
                         DONIGER / BURROUGHS
                         Attorneys for Plaintiff